**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10555 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00318-RS |
| v. | |
| JAIME VICENTE CABALLERO, a.k.a. Jaime Vicente Caballe Aguilar, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted August 13, 2014[**]

Before: SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Jaime Vicente Caballero appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Caballero contends that the district court procedurally erred by failing to address his argument that the illegal reentry guideline, U.S.S.G. § 2L1.2, lacks a sound empirical or policy basis, and by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to vary downward from the applicable Guidelines range on policy grounds. Contrary to Caballero's contention, we review for plain error because he did not raise these objections in the district court. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010). We find none. The record reflects that the district court considered Caballero's sentencing memorandum, which contained his *Kimbrough*-based challenges to the Guideline. Caballero has not shown a reasonable probability that he would have received a different sentence had the district court explicitly addressed his *Kimbrough* arguments. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Caballero also maintains that, although the district court credited his mitigating arguments regarding his cultural assimilation and rehabilitation, his sentence is nevertheless substantively unreasonable. The district court did not abuse its discretion in imposing Caballero's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Caballero's sentence 17 months below the bottom of the

Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a)

sentencing factors and the totality of the circumstances, including the need to deter

and to reflect the seriousness of the offense. *See id.*

The court has not relied on the Statement of Reasons, and we deny the

motion to strike.

**AFFIRMED.**